```
                    ___ FILED        ___ RECEIVED
                    ___ ENTERED      ___ SERVED ON
                              COUNSEL/PARTIES OF RECORD

                         DEC 2 9 2010

                       CLERK US DISTRICT COURT
                         DISTRICT OF NEVADA
                    BY:                        DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PANZARELLA CONSULTING, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) 3:10-cv-00424-RCJ-RAM |
| SINGLE TOUCH INTERACTIVE, INC. et al., | ) ORDER |
| Defendants. | ) |

This case arises out of a corporation's issuance of additional stock without maintaining Plaintiff's proportionate ownership in the corporation, in contravention of the corporation's contract with Plaintiff. Pending before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 4). For the reasons given herein, the Court grants the motion. At the hearing, Plaintiff admitted a lack of jurisdiction, but the Court will memorialize its reasons for the ruling.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Panzarella Consulting, LLC possesses certain warrants to purchase the stock of Defendant Single Touch Interactive, Inc. ("STI")—warrants that were transferred to Plaintiff by Patrick J. Panzarella, the manager and apparent sole owner of Plaintiff. (*See* Panzarella Decl. ¶¶ 1–5, Aug. 26, 2010, ECF No. 9). Plaintiff's predecessor in interest, Patrick Panzarella, acquired these warrants as payment for consulting services he provided to STI under contract. (Compl. ¶¶ 6–8, ECF No. 1). The contract contains an "anti-dilution clause" requiring STI to maintain Plaintiff's percentage ownership in STI. (*Id.* ¶ 9; *see* Contract ¶ 6, ECF No. 1 Ex. A).

Plaintiff alleges that STI, through the actions of its directors, including Defendant Anthony G. Macaluso, issued additional stock to Macaluso himself, without maintaining Plaintiff's percentage ownership. (*See id.* ¶ 30). Plaintiff also alleges having been paid only $320,000 of a promised $350,000 cash compensation. (*See id.* ¶ 7).

Plaintiff sued Defendants in this Court on four causes of action: (1) Breach of Contract; (2) Quantum Meruit; (3) Fraud and Breach of Fiduciary Duty; and (4) Constructive Trust. Defendants have moved to dismiss for lack of subject matter jurisdiction.

## II. LEGAL STANDARDS

Federal courts are of limited jurisdiction, possessing only those powers granted by the Constitution or statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citations omitted). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense via a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during pendency of the action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

Section 1332(a) of Title 28 creates original jurisdiction in the district courts between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a) and (a)(1). Although Article III of the Constitution permits Congress to create federal jurisdiction where there is minimal diversity, i.e., where any plaintiff is diverse from any defendant, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967), section 1332 requires complete diversity, i.e., every plaintiff must be diverse from every

1 defendant, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). For the purposes of diversity, a limited liability company is a citizen of every state of which its owners and members are citizens. *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

### III. ANALYSIS

Defendants argue that Plaintiff is a citizen of California because that is where its only office (and hence its principal place of business) is located, and that it is therefore not diverse with Defendants. Plaintiff is not a corporation, however, so 28 U.S.C. § 1332(c)(1), which governs the citizenship of corporations for the purposes of diversity, does not apply. As a limited liability company ("LLC"), however, Plaintiff is a citizen of every state of which its individual members and owners are citizens, *Johnson*, 437 F.3d at 899, and Defendants noted this point at the hearing. Although registered as an LLC in Wyoming, (*see* Compl. ¶ 1), Plaintiff is in fact a citizen of California for purposes of diversity, because Patrick Panzarella, the manager and sole owner of Plaintiff, (*see* Panzarella Decl. ¶¶ 1–5), is a citizen of California. The public records of the State of Wyoming show that Plaintiff is a LLC with its principal office and mailing address at 3105 Walnut Ave., Manhattan Beach, CA 90266, and that Patrick Panzarella is a "Member/Manager." *See* Wyoming Secretary of State, Filing Search, https://wyobiz.wy.gov/Business/FilingDetails.aspx?FilingNum=2010-000585671 (last visited Sept. 1, 2010). This address is in fact the residence of a "Patrick J. Panzarella," as Defendants argue. *See* http://www.zabasearch.com (last visited Sept. 1, 2010). Defendant STI is a Nevada corporation with its only offices in California, and Defendant Macaluso resides in California, (*see* Macaluso Decl. ¶¶ 2–3, ECF No. 5), making both Defendants citizens of California, *see* 28 U.S.C. § 1332(a)(1), (c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (holding that the principal place of business of a corporation under § 1332(c)(1) is its headquarters or "nerve center"). Because *all* parties are citizens of California, not only is there no jurisdiction under

§ 1332(a), Congress does not even have the ability to create federal jurisdiction over this case. *See* U.S. Const. art. III, § 2, cl. 1; *Tashire*, 386 U.S. at 530–31. There being no diversity between the parties and no federal claims, the Court dismisses the case for lack of subject matter jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss for Lack of Jurisdiction (ECF No. 4) is GRANTED.

IT IS SO ORDERED.

Dated: December 29, 2010

_____
ROBERT C. JONES
United States District Judge