UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PANZARELLA CONSULTING, LLC, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:10-cv-00424-RCJ-RAM |
| SINGLE TOUCH INTERACTIVE, INC. et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This case arises out of a corporation's alleged issuance of additional stock without maintaining Plaintiff's proportionate ownership in the corporation. The Court has dismissed the case for lack of subject matter jurisdiction because all parties are citizens of California. Pending before the Court is Defendants' Motion for Sanctions (ECF No. 20). For the reasons given herein, the Court grants the motion in part.

I.  **FACTS AND PROCEDURAL HISTORY**

On July 12, 2010, Plaintiff Panzarella Consulting, LLC sued Defendants Single Touch Interactive, Inc. and Anthony G. Macaluso in this Court on four causes of action: (1) Breach of Contract; (2) Quantum Meruit; (3) Fraud and Breach of Fiduciary Duty; and (4) Constructive Trust. Three days later, Defendants' Attorney Scott Russo sent Plaintiff's Attorney John Gezelin an email asking him to "[p]lease dismiss the lawsuit" because "there is no diversity jurisdiction . . . ." (*See* Russo Email, July 15, 2010, ECF No. 20-1, at 6). Attorney Russo wrote

1  that if the lawsuit were not dismissed by the following day, he would file a motion to dismiss on
2  July 19th and seek costs. (*See id.*).  Attorney Gezelin responded on July 19th, refusing to dismiss
3  the case. (*See* Gezelin Email, July 19, 2010, ECF No. 20-1, at 8).  Attorney Gezelin wrote to
4  Attorney Russo again on July 23rd offering to stay the federal action, refrain from serving
5  Defendants with the Complaint for thirty days, and to participate in mediation in the meantime.
6  (*See* Gezelin Email, July 23, 2010, ECF No. 20-1, at 10).  Attorney Russo responded by noting
7  that the existence of the lawsuit was causing damage to his clients and that he would be forced to
8  file the motion to dismiss if Plaintiff did not dismiss voluntarily. (*See* Russo Email, July 23,
9  2010, ECF No. 20-1, at 10).  He also noted that Plaintiff would lose nothing by dismissal at that
10  stage but the filing fee. (*See id.*).  Attorney Gezelin responded, writing "I see no reason to
11  dismiss the action." (*See* Gezelin Email, July 23, 2010, ECF No. 20-1, at 12).  Two weeks later,
12  Attorney Russo again wrote Attorney Gezelin and demanded that he dismiss the "frivolous"
13  action, threatening a sanctions motion if the case were not dismissed that day. (*See* Russo Email,
14  Aug. 6, 2010, ECF No. 20-1, at 14).  He explained that the very existence of the lawsuit was
15  causing harm to his client's shareholders. (*See id.*).  He also explained why there was no
16  diversity in the case: "Because Panzarella Consulting, LLC and Single Touch Interactive are
17  citizens of California because of their principal offices, and because Anthony Macaluso lives in
18  California, there is no diversity." (*See id.*).  Attorney Russo wrote to Attorney Gezelin again two
19  days later (on a Sunday) to ask if he intended to dismiss the case. (*See* Russo Email, Aug. 8,
20  2010, ECF No. 20-1, at 17).  He wrote yet again the following day, noting that his client's
21  quarterly report was to be filed that Friday and that the existence of the "frivolous" lawsuit on
22  the report would harm the shareholders. (*See* Russo Email, Aug. 9, 2010, ECF No. 20-1, at 21).
23  He added, "Not dismissing the lawsuit will not lead to the hoped for extortion settlement." (*See*
24  *id.*).

25       Plaintiff did not dismiss.  Defendants moved to dismiss for lack of subject matter

1  jurisdiction on August 9, 2010. At oral argument, Attorney Gezelin immediately conceded a
2  lack of jurisdiction after having finally "review[ed] the controlling authority." (*See* Mot. Hr'g
3  10:29 a.m., Dec. 16, 2010). But by this time, Defendants had incurred the relevant legal bills.
4  The Court granted the motion to dismis, noting that Macaluso was a citizen of California,
5  Panzarella Consulting was a citizen of both California and Nevada, and Plaintiff was a citizen of
6  California. Defendants have moved for $19,486.75 in attorney's fees against Plaintiff and
7  Attorney Gezelin for legal services in connection with the action.

8  **II.    LEGAL STANDARDS**

9        A federal court has the inherent power to sanction counsel via the assessment of
10 attorney's fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citing *Hutto v. Finney*,
11 437 U.S. 678, 689 n.14 (1978)). "[A] court may assess attorney's fees when a party has 'acted in
12 bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45–46 (quoting *Alyeska*
13 *Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)) (internal quotation marks
14 omitted).

> In this regard, the bad-faith exception resembles the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

*Id.* at 46 n.10 (quoting Fed. R. Civ. P. 11(b)(1)). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Sanctions are appropriate under a court's inherent authority where a plaintiff files a federal lawsuit in the face of a plain lack of jurisdiction. *See Deigert v. Baker*, 2010 WL 3860639 (D. Md. Sept. 30, 2010) (finding bad faith based on misrepresentations to the court regarding the plaintiff's residence); *S. Shore Ranches, LLC v. Lakelands Co., LLC*, 2010 WL 289291 (E.D. Cal. Jan. 15, 2010) (finding bad faith based on filing a suit despite an obvious

1 lack of diversity), *vacated based on new evidence by S. Shore Ranches, LLC v. Lakelands Co., LLC*, 2010 WL 2546112 (E.D. Cal. June 18, 2010); *Erum v. County of Kauai*, 2008 WL 2598138 (D. Haw. June 30, 2008) (finding bad faith based on attempts to manufacture federal question jurisdiction with frivolous federal claims).

### III. ANALYSIS

The Court will grant the motion in part. A minimally competent attorney should know the basic law of diversity jurisdiction before filing a case in federal court. It is virtually inconceivable that Attorney Gezelin did not realize there was no subject matter jurisdiction over this case in federal court. And if he honestly did not realize it, he should have examined the authorities when opposing counsel specifically pointed out the lack of jurisdiction and the reasons therefor. Attorney Gezelin either failed to check the easily accessible and clear authority on the point until immediately before the hearing—which was approximately six months after he filed the lawsuit—or he purposely and improperly pressed the suit in a court that he knew lacked jurisdiction. Attorney Gezelin argues that sanctions under the Court's inherent powers are not appropriate for mere misapprehensions of law. But the Court finds that Attorney Gezelin did not merely misapprehend the law. No minimally competent attorney could possibly have failed to realize there was no diversity jurisdiction in this case even from the beginning, much less after the facts and law were repeatedly pointed out to him by opposing counsel. That he simply made a legal error is not a credible response. Attorney Gezelin never in any of his email responses to Attorney Russo attempted any sort of legal or factual argument in support of jurisdiction, but simply issued bald refusals to dismiss the suit. This makes it clear that the purpose of the suit was to "extort" a settlement, as Attorney Russo put it. Attorney Gezelin has abused the legal process with this suit and wasted not only Attorney Russo's and Defendants' time and resources, but also the Court's.

Defendants provide itemized invoices of legal services. (*See* Invoices, ECF No. 20-1, at

26). Some of the services listed relate to the motion to dismiss or procedural requirements born purely of the improper federal filing, but some of the services relate only to the substance of the Complaint. Attorney Gezelin's improper actions in this case relate to the fact that he improperly filed the case in federal court. The Court has made no ruling on the merits of the Complaint itself. Unless and until a state court dismisses on the merits and finds the case frivolous in that regard, the Court cannot say that the efforts undertaken by Attorney Russo with respect to the merits of the case should be compensated based on the frivolity of the claims. If a state court permits the case to proceed on the merits, or at least finds that the case is not frivolous in that regard, then the efforts Attorney Russo expended relating to the merits of the case, even while the case was improperly pending in federal court, will not have been unnecessary or wasted.

The Court will grant fees in the amount of $7027.50 against Attorney Gezelin, but not against Plaintiff. This is the amount in services rendered that relate purely to the improper federal filing, and at a reasonable rate as determined by the Court. The remainder of legal services provided concern the merits of the case and may be useful in state court litigation. Plaintiff itself will not be sanctioned, because although a layperson can be expected not to pursue suits that are obviously frivolous or improper even to a layperson, a layperson cannot be expected to understand the law of federal diversity jurisdiction. Presumably, Plaintiff would have been satisfied having its case filed in state court. The federal filing was almost certainly a tactical decision by Attorney Gezelin. At the hearing on the present motion, Attorney Gezelin argued that he had agreed to dismiss the case before the hearing on the motion to dismiss. But by that time Defendants had already incurred the relevant attorney's fees due to the improper filing and were bound by the Court to attend the hearing on their motion, and opposing counsel had long since pointed out the impropriety of the lawsuit to Attorney Gezelin.

Based on the evidence adduced, the Court finds that Defendants incurred the following attorney's fees related to issues born of the improper federal filing:

1     8.75 hours by Attorney SR in July 2010 at $325/hr
    11.50 hours by Attorney SR in August 2010 at $325/hr
2     3.75 hours by Attorney SR in September 2010 at $325/hr
    2.80 hours by Attorney DGD in November 2010 at $375/hr
3     8.00 hours by Attorney SR in December 2010 at $325/hr
    0.50 hours by Attorney SR in January 2011 at $325/hr
4     8.50 hours by Paralegal JAY in January 2011 at $150/hr

5 The Court therefore uses these hours for the lodestar calculation. Because the lack of diversity

6 was so clear and the issue so simple, however, the Court will only apply $175 per hour for

7 attorney labor and $100 per hour for paralegal labor, bringing the subtotals to $6177.50 for

8 attorney labor and $850 for paralegal labor.

## CONCLUSION

10     IT IS HEREBY ORDERED that the Motion for Sanctions (ECF No. 20) is GRANTED in

11 part. Attorney's fees are awarded against Attorney Gezelin, but not against Plaintiff, in the

12 amount of $7027.50.

13     IT IS SO ORDERED.

14 Dated this 25th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge